# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

AVETIS ARCHANIAN,

                 Petitioner,

      v.

WILLIAM GITTERE, et al.,

                Respondents.

Case No.: 3:19-cv-00177-APG-CBC

**SCHEDULING ORDER**

This action is a petition for writ of habeas corpus by Avetis Archanian, a Nevada prisoner sentenced to death. On March 30, 2019, I granted Archanian's motion for appointment of counsel and appointed counsel to represent him. ECF No. 6. Counsel appeared for Archanian on April 18, 2019. ECF No. 10. The respondents' counsel appeared on April 3, 2019. ECF No. 8.

Based on Federal Rule of Civil Procedure 16(b), the Rules Governing Section 2254 Cases in the United States District Courts, and Local Rule 16-1, I will now set a schedule for further proceedings in this action.

IT IS THEREFORE ORDERED that the following schedule will govern proceedings in this case:

1.      Amended Petition. If necessary, the petitioner must file an amended petition for a writ of habeas corpus within 90 days after the entry of this order. The amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If the petitioner determines that an amended petition need not be filed, then, within the time for the filing of an amended petition, the petitioner is to file a statement to that effect.

2. Response to Petition. The respondents will have 60 days following service of the amended petition to file an answer or other response to the amended petition. If the petitioner does not file an amended petition, the respondents will have 60 days following the due date for the amended petition to file an answer or other response to the original petition.

3. Reply and Response to Reply. The petitioner will have 45 days following service of an answer to file a reply. The respondents will have 30 days following service of a reply to file a response to the reply.

4. Briefing of Motion to Dismiss. If the respondents file a motion to dismiss, the petitioner will have 30 days following service of the motion to file an opposition to the motion. The respondents will have 30 days following service of the opposition to file a reply.

5. Discovery. If the petitioner wishes to move for leave to conduct discovery, he must file that motion concurrently with, but separate from, the response to the respondents' motion to dismiss or the reply to their answer. Any motion for leave to conduct discovery filed by the petitioner before that time may be considered premature and may be denied without prejudice on that basis. The respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to the petitioner's reply. The petitioner will then have 20 days to file a reply in support of the motion for leave to conduct discovery.

6. Evidentiary Hearing. If the petitioner wishes to request an evidentiary hearing, he must file a motion for an evidentiary hearing concurrently with, but separate from, the response to the motion to dismiss or the reply to the answer. Any motion for an evidentiary hearing filed by the petitioner before that time may be considered premature and may be denied without prejudice on that basis. The motion for an evidentiary hearing must specifically address why an

evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e).  The

motion must state whether an evidentiary hearing was held in state court, and, if so, state where

the transcript is located in the record.  If the petitioner moves for an evidentiary hearing,  the

respondents must file a response to that motion concurrently with, but separate from, their reply

in support of their motion to dismiss or their response to the petitioner's reply. The petitioner

will then have 20 days to file a reply in support of the motion for an evidentiary hearing.

Dated:  April 22, 2019.

_____

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE