|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | AVETIS ARCHANIAN, | Case No. 3:19-cv-00177-APG-CLB |
| 4 | Petitioner, | |
| 5 | v. | **ORDER GRANTING MOTION FOR STAY (ECF NO. 15) AND DENYING MOTION FOR EQUITABLE TOLLING (ECF NO. 16)** |
| 6 | WILLIAM GITTERE, *et al.*, | |
| 7 | Respondents. | |

Petitioner Avetis Archanian has filed a motion requesting that this capital habeas corpus action be stayed while he exhausts claims in state court. ECF No. 15. I will grant that motion and stay this case while Archanian completes his state-court litigation. Archanian has also filed a motion requesting equitable tolling of the applicable limitation period. ECF No. 16. I will deny that motion without prejudice to Archanian requesting equitable tolling if the respondents file a motion to dismiss based on the statute of limitations.

Archanian's case arose from the robbery and murders of Elisa Del Prado and her mother, Juana Quiroga, in the back room of a jewelry store in Las Vegas. Archanian was convicted in Nevada's Eighth Judicial District Court of two counts of first-degree murder with the use of a deadly weapon of a victim 65 years of age or older, and two counts of robbery with the use of a deadly weapon of a victim 65 years of age or older. *See Archanian v.* State, 145 P.3d 1008, 1013 (Nev. 2006). He was sentenced to death for the murders, and for the robberies he was sentenced to four consecutive terms of 72 to 180 months in prison. *See id.*

After an unsuccessful direct appeal and state habeas action, Archanian initiated this federal habeas corpus action on March 29, 2019. On March 30, 2019, I appointed the Federal

Public Defender for the Eastern District of California to represent Archanian. ECF No. 6. On October 17, 2019, with counsel, Archanian filed an amended habeas petition. ECF No. 14.

Archanian filed his motion for stay on October 22, 2019. ECF No. 15. He states that he has filed a second state habeas action, and he requests a stay of this action pending the completion of that proceeding. *See* ECF No. 15, p. 2 n.1. The respondents do not oppose the motion for stay. *See* ECF No. 18.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

*Rhines* does not state or suggest that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements for a stay. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims. In considering Archanian's motion for stay, I focus on Claim 1

of his amended petition, a claim that a juror committed misconduct by failing during voir dire to reveal that he had a prior acquaintance with Archanian. *See* ECF No. 14 at 17-23; ECF No. 15 at 4, 6.

Archanian concedes that Claim 1 is unexhausted in state court. *See* ECF No. 14 at 14; ECF No. 27 at 4. Therefore, Archanian's amended petition is a "mixed petition," meaning it contains both exhausted and unexhausted claims. A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

Archanian asserts that the attorney who handled his first state habeas action performed ineffectively by failing to present the claim. ECF No. 15 at 3-5. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. In *Blake v. Baker*, the Ninth Circuit held that the sort of ineffective assistance of counsel in an initial-review collateral proceeding described in *Martinez* can be good cause for a *Rhines* stay. *See Blake*, 745 F.3d at 977, 982-84 (9th Cir. 2014). Archanian has shown good cause for his failure to exhaust Claim 1 in state court. Further, that Claim 1 is at least potentially meritorious. And, there is no showing that Archanian has engaged in intentionally dilatory litigation tactics. Therefore, Archanian has satisfied the requirements for a stay of this action pending exhaustion of his claims in state court.

In exercising my discretion to grant the stay, I take into account *Crump v. Warden*, 934 P.2d 247 (1997), under which there is a possibility that the Nevada courts may consider, on their merits, Archanian's unexhausted claims upon a showing of ineffective assistance of his prior post-conviction counsel.

My intention is that this will be the last time this case is stayed to facilitate Archanian's exhaustion of claims in state court. Archanian must exhaust all his unexhausted claims in state court during the stay imposed under this order.

Turning to Archanian's motion for equitable tolling, a prospective ruling on the question is unwarranted. The limitation period applicable to federal habeas corpus actions (*see* 28 U.S.C. § 2244(d)) is subject to equitable tolling. A habeas petitioner is entitled to equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

Archanian states that he timely filed his amended petition but he requests 163 days of equitable tolling, to March 28, 2020, to file a second amended petition. Archanian states that equitable tolling is warranted to compensate for time before this action was initiated during which he did not have counsel. He asserts he needs the additional time to review evidence in the possession of the Las Vegas Metropolitan Police Department (LVMPD) and to obtain an evaluation by a neuropsychologist.

There is currently no limitation issue in this case. The respondents have asserted no such defense at this point. There does not appear to be any controversy regarding the timeliness of the claims in Archanian's amended petition. Furthermore, Archanian has provided no analysis

whether any new or amended claims in a potential second amended petition would relate back to claims in the current amended petition, rendering them timely. And Archanian does not explain why he could not have articulated any particular claim in his amended petition without access to the evidence in the possession of the LVMPD or without the evaluation by the neuropsychologist. Archanian's motion for equitable tolling is premature and does not show that an extraordinary circumstance prevented his timely filing any claim. I will deny his motion for equitable tolling without prejudice to him requesting equitable tolling in response to any motion to dismiss by the respondents based on the statute of limitations.

I THEREFORE ORDER that petitioner Avetis Archanian's Motion for Stay **(ECF No. 15) is GRANTED**. This action is stayed while Archanian exhausts in state court his unexhausted claims for habeas corpus relief.

I FURTHER ORDER that, on or before **June 15, 2020**, Archanian shall file a status report describing the status of his state-court proceedings. Thereafter, during the stay of this action, Archanian shall file such a status report every six months (on or before December 15, 2020; June 15, 2021; etc.). The respondents may, if necessary, file a response to any such status report within 15 days after it is filed. If necessary, Archanian may reply within 15 days of the filing of the response.

I FURTHER ORDER that, within 30 days of the conclusion of Archanian's state court proceedings, Archanian shall move to lift the stay.

I FURTHER ORDER that this action will be subject to dismissal upon a motion by the respondents if Archanian does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed under this order.

I FURTHER ORDER that Archanian's Motion for Equitable Tolling **(ECF No. 16) is DENIED** without prejudice to Archanian requesting equitable tolling in response to any motion to dismiss by the respondents based on the statute of limitations.

Dated: December 3, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE