UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AVETIS ARCHANIAN,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00177-APG-CLB<br><br>**ORDER GRANTING MOTION FOR TEMPORARY LIFT OF STAY AND FOR LEAVE TO AMEND**<br><br>(ECF No. 25) |

This capital habeas corpus action was stayed on December 3, 2019, pending completion of state-court proceedings. ECF No. 21. On March 30, 2020, petitioner Avetis Archanian, represented by appointed counsel, filed a motion requesting that the stay be temporary lifted and that he be granted leave of court to amend his petition. ECF No. 25. His proposed second amended petition is attached as an exhibit to his motion (ECF No. 25-2), as are exhibits in support of the second amended petition (ECF No. 25-3). Archanian represents that the proposed amendment does not add new claims, but only adds factual detail to claims already in the petition. ECF No. 25 at 4. On April 13, 2020, the respondents filed a notice that they do not oppose Archanian's motion. ECF No. 46.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases (the Rules of Civil Procedure apply to federal habeas proceedings "to the extent that they are not inconsistent."). Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The respondents do not oppose Archanian's motion and do not identify any factor weighing against granting leave to amend. I will grant the motion. In doing so, I do not intend to convey any opinion regarding the merits of any claim; the operation of the statute of limitations, equitable tolling, or the relation back of any amendment to a previous version of the petition.

I THEREFORE ORDER that the petitioner's Motion to Temporarily Lift the Current Stay and Leave to Amend the Habeas Petition with New Facts **(ECF No. 25) is GRANTED**.

I FURTHER ORDER the Clerk of the Court to separately file the petitioner's Second Amended Petition for Writ of Habeas Corpus (currently filed at ECF No. 25-2) and the petitioner's Exhibits in Support of Second Amended Habeas Petition (currently filed at ECF No. 25-3).

I FURTHER ORDER that the respondents need take no action with respect to Petitioner's second amended habeas petition unless and until otherwise ordered.

I FURTHER ORDER that the stay of this action will remain in effect.

Dated: April 22, 2020

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE